### GUBASKO *v.* CITY OF NEW YORK.

*(Common Pleas of New York City and County, General Term. June 4, 1888.)*

MUNICIPAL CORPORATIONS — NEGLIGENCE — PERMITTING DECAYED TREE TO STAND IN STREET.

Plaintiff was injured by the lower portion of a tree, standing in a public street, falling upon him, the upper portion having been cut off some six years before. The tree had a hole in it, about the size of which the witnesses did not agree, but its fall was caused by a blow from a heavy truck which was passing, and after its fall it was found to be decayed. *Held*, that if the tree was dangerous, but appeared to be safe to ordinary observation and intelligence, the fact of allowing it to remain would not charge the defendant with negligence; nor would the omission to make

an examination of the interior of the hole, which was visible from one side of the tree, though by such examination it would have ascertained that the tree was decayed. ₒ

Appeal from trial term, H. W. BOOKSTAVER, Judge.

Action by Andreas Gubasko against the mayor, aldermen, and commonalty of the city of New York for damages for personal injuries caused by the falling upon plaintiff of a tree which stood on a public street in the city. The complaint having been dismissed on the first trial, the general term reversed the judgment, and upon the second trial the verdict was in favor of defendant. From the judgment on this verdict, and the order denying a new trial, the plaintiff again appeals.

*Everett P. Wheeler*, for appellant. *David J. Dean*, for respondent.

ALLEN, J. This is an action for damages for personal injuries caused by the falling upon the plaintiff of a tree in front of the premises No. 12 Greenwich street, in the city of New York, on April 1, 1882. The tree was an ailantus, the top of which had been cut off, about six years before the accident, by the Elevated Railroad Company, so as to allow the track to be laid over it. It had a hole in it, about the size of which the witnesses do not agree. The cause of the falling of the tree was a blow from a heavy truck which was being driven through Greenwich street. After the tree fell, the interior was found to be decayed. The cause was first tried in 1883, and resulted in a dismissal of the complaint. On an appeal to the general term, the judgment was reversed, and a new trial ordered. Upon the second trial the jury found a verdict in favor of the defendant, and this appeal is taken from the judgment entered upon that verdict, and from the order denying the motion for a new trial.

It is not claimed that there was any fault upon the part of the plaintiff which contributed to the injuries he sustained. The right of recovery depends, therefore, upon the negligence of the defendant. No evidence was given to charge the officers of the city with actual notice of the condition of the tree. The defendant's liability rests upon the decision of this question, whether, under the circumstance, it omitted to exercise due care; for it is well established that the duty with which the city is charged, in the absence of express notice of the unsafe condition of its streets, is the exercise of reasonable care and vigilance. In the recent case of *Hunt* v. *Mayor*, etc., 16 N. E. Rep. 320, Judge ANDREWS said: "The language of the cases expressing the measure of duty resting upon municipal corporations in respect to their streets, sewers, etc., has not always been carefully guarded; but the doctrine has been frequently reiterated in this court that there is no absolute guaranty or undertaking on the part of a municipal corporation that its streets or other constructions shall, at all times and under all circumstances, be in a safe and proper condition, and that its obligation and duty extend only to the exercise of reasonable care and vigilance." If in this case the defendant failed to perform its duty of reasonable care and vigilance as to this tree, it became liable to the plaintiff in damages. There was some conflict in the evidence as to the external appearance of the tree, and as to the size of the hole before spoken of; and a fair question was presented for the judgment of the jury, whether, in the exercise of reasonable care and vigilance, it was not the duty of the defendant to ascertain the actual condition of the tree, and to have removed it. The general term were of the opinion that the question of the defendant's negligence ought to have been submitted to the jury. The court says, (*Gubasko* v. *Mayor*, etc., 12 Daly, 183:) "There being conflicts or uncertainty as to the facts, the case should have gone to the jury, for they alone could determine, under proper instruction, whether the condition of this stump of a tree, nine feet high, was such as to require the city authorities, in the proper exercise of that care of the public streets which the law imposes upon them to

remove it, to prevent the possibility of accidents to passers-by by the fall of it." The case has been presented to the consideration of the jury, and they have found in favor of the defendant. We ought not to disturb their finding, unless an examination of the case shows that there were errors in the charge of the court, or errors are presented by the exceptions taken to the rulings of the trial judge in the admission or exclusion of evidence.

The charge of the court stated carefully and clearly the rule of law governing the duty of the city with respect to its streets; but exception was taken to that part of the charge in which the court said "that if, to all ordinary appearance, the tree was sound at the time, the mere fact of allowing it to remain would not charge the defendants with negligence;" and also to that portion of the charge which instructed the jury "that if in fact the tree were dangerous, and yet appeared to be safe to ordinary observation and intelligence, the defendants would not be liable for negligence in respect to it." This part of the charge is within the lines of the authorities. The duty of the defendant in respect to this tree was reasonable care and prudence. To hold it liable if the appearance and condition of the tree were not such as to indicate insecurity to persons of ordinary observation, care, and prudence, would be to impose upon it a higher degree of duty than the law requires. A corporation is held to the exercise of no higher degree of care and caution than that which is presumed to be exercised by an individual of ordinary observation, care, and prudence.

An exception was taken to the refusal of the court to charge "that, if the jury found that the defendants could have ascertained that the inside of the tree had decayed, by examining the interior of the hole, which was visible on one side of it, and no such examination of the hole was made, this would be evidence of negligence, on the part of the defendant." This request assumes that the duty was imposed upon the defendant by law to examine the interior of the hole, and that a failure to make such an examination would be negligence. This is not a correct proposition of law, and the court properly refused to charge it, except as already charged. The court had already charged that the city could be held liable in case the jury found, as matter of fact, that the external appearance and condition of the tree was such as to impute blame to the city authorities in not discovering that it was in an unsafe condition.

The plaintiff's exceptions to evidence have reference entirely to the testimony of two witnesses as to the unsoundness of the tree. The questions excluded were, we think, proper, for it was competent for the plaintiff to show what the appearance of the tree was after its fall. As, however, five other witnesses gave testimony that the inside of the tree was found to be rotten, and no doubt could have been left in the minds of the jury on that subject, we do not think the error is sufficiently serious to call for a reversal of the judgment. We think that the judgment and order should be affirmed, with costs.