(21 Misc. Rep. 27.)

### GAINOR v. ST. LAWRENCE LIFE ASS'N.

(Supreme Court, Appellate Term. July 29, 1897.)

INSURANCE—DISABILITY FROM SICKNESS.

Under a policy insuring total disability from sickness, providing that such disability must be evidenced by actual confinement to bed, that seven full days shall constitute a week's sickness, and that no indemnity will be paid for a less period, no recovery can be had where insured, though suffering from malaria for several weeks, was confined to bed only one day.

Appeal from Eighth district court.

Action by John Gainor against the St. Lawrence Life Association on a policy insuring against "total disability (confined to the bed) from sickness" in the sum of $6.40 per week; plaintiff claiming for sickness from January 25 to February 21, 1897. He had judgment for $24, besides costs, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles H. Lovett, for appellant.

G. W. Gibbons, for respondent.

DALY, P. J. The plaintiff was ill for about four weeks from malaria, and sought to recover the weekly payments specified in the policy for "total disability (confined to the bed) from sickness." His claim is opposed upon the following grounds, based upon provisions

of the policy:   (1) That the total disability insured against must be evidenced by actual confinement to bed; and the policy also provides "that seven full days' confinement to bed shall constitute a week's sickness, * * * and no indemnity will be paid for a less period," and the conceded fact is that the plaintiff, although suffering from malaria during the period sued for, was confined to bed only one day. (2) That the right to payments begins, according to the policy, only after mailing written notice of illness, and such notice was not given until February 15th.   (3) That the policy also provides that no weekly benefit is payable if such written notice be not given within 10 days from the beginning of the sickness, and in this case it was not given within that time.   (4) That, if entitled to anything, it is only from February 16th, less than a week, and the policy provides that "only half the stated weekly indemnity will be allowed for the first week."   (5) That the plaintiff was delinquent in paying dues, those accruing February 1st not being paid until February 4th, and the policy insures only in case of membership without delinquency for three months prior to sickness.   (6) That the action is premature, having been brought within two weeks after the period of illness claimed for, while the policy provides that legal proceedings for recovery under it shall not be brought until four months after filing final proofs at the home office as required by the association.   These objections seem to be fatal to plaintiff's recovery upon his insurance. He does not seem to have appreciated the numerous safeguards and protections constituted by the policy for the benefit, not of the insured, but the company, and which make any payments by it in most cases purely optional.

Judgment reversed and new trial ordered, without costs to either party. All concur.