## LISTON v. NEW YORK CASUALTY CO.

(Supreme Court, Appellate Term.   June 28, 1899.)

INSURANCE AGAINST TOTAL DISABILITY.

A policy of insurance against total disability caused by sickness provided that no disability should constitute a claim where claimant should be able to leave his bed, nor during any period of convalescence, nor where a physician should not be required every second day. *Held*, that insured could not recover for 22 weeks' sickness, where he was confined to his bed for only about 10 weeks, and after that occasionally returned to bed, and at times went out for air and recreation, and afterwards made a visit out of town for his health, all within the 22 weeks' period, especially where a physician attended him but once.

Appeal from municipal court, borough of Manhattan, First district.

Action by Robert Liston against the New York Casualty Company. From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Esek Cowen, for appellant.

W. R. Spooner, for respondent.

LEVENTRITT, J.   The action is upon a policy of insurance issued in January, 1894, whereby the defendant insured the plaintiff, among other things, against total disability caused by sickness, and in that event agreed to pay $10 per week against loss of time resulting therefrom.   One of the conditions indorsed on the policy and incorporated into the contract was the following:

"No disability shall constitute a claim * * * where the claimant is able to leave his bed or house (in case of disabling sickness), nor during any period of convalescence, nor when the attendance of a physician is not required every second day at the bedside."

This action was brought to recover the agreed insurance for 22 weeks' alleged disability, within the meaning of this policy.   We are constrained to reverse the judgment which the plaintiff recovered.

It appears from the testimony of his wife, who was the only witness called, that he was taken sick on the 6th day of September, 1898; that he was confined to his bed for about 10 weeks; that, during the remaining period of the alleged disability, he occasionally returned to bed, and at times went abroad "for air and recreation," and in December, 1898, made a visit of several months to his daughter in East Orange, N. J., "on account of his sickness and for his health."   Further, her evidence discloses but one occasion upon which he was attended by a physician.   On this state of facts it is clear that the plaintiff cannot succeed.   While it would indeed be venturesome, under the nice and elaborate restrictions of the whole policy, to assert under what circumstances an insured would not be met by some condition to bar recovery, it is certain that this plaintiff did not adduce testimony to meet the requirements of the quoted provision of the policy.   He saw fit to enter into an agreement so phrased that his obligations were positive, and that of the defendant optional.

Gainor v. Association, 21 Misc. Rep. 27, 46 N. Y. Supp. 965. We are compelled to reverse the judgment.

Judgment reversed, and new trial ordered, without costs to either party. All concur.