Merrimack, ⟩
May 4, 1909. ⟨

SAWYER *v.* MASONIC PROTECTIVE ASSOCIATION.

Where a benefit certificate provides for the payment of indemnity in the event of disability which requires "absolute, necessary, continuous confinement to the house," the insured is not entitled to recover if he is in no sense confined to the house, although totally incapacitated to labor.

ASSUMPSIT, for an indemnity under a benefit certificate. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1908, of the superior court by *Wallace,* C. J., on the defendant's exception to the denial of a motion for a nonsuit.

The certificate contains the following provisions: "A disability, to constitute a claim for sickness, . . . shall require absolute, necessary, continuous confinement to the house for not less than fourteen days. . . . And no disability . . . shall constitute a claim for a longer period than the insured shall be totally disabled and absolutely, necessarily, continuously confined to his house."

The plaintiff's evidence tended to show these facts: He was a grocer, and was seriously sick and totally incapacitated for labor from May 2 to September 10. May 1, his physician began to treat him at his house for paralysis of the throat and other troubles connected therewith. He was confined to his house in Franklin from that time until July 8, except that he went once or twice a week to the office of his physician for X-ray treatment, and on some of these occasions went beyond the office to a barber shop a quarter of a mile distant from his house. He occasionally stepped into his store, but did no work there. July 8, he went to York Beach by advice of his physician. On the way he consulted a specialist in Boston, and while at the beach was driven to a barber shop twice a week.

*Leach, Stevens & Couch* (*Mr. Leach* orally), for the plaintiff.

*Henry F. Hollis*, by brief and orally, for the defendant.

PEASLEE, J. The plaintiff relies upon *Scales* v. *Association*, 70 N. H. 490. He claims that the case is authority for the proposition that total disability to labor entitles him to recover, although he was not in any sense confined to his house. If such a conclusion is to be drawn from what is said in the first paragraph of the opinion in that case, it cannot now be followed. The disability is to be such as to ordinarily confine one to the house as a matter of necessity. As was said in the Scales case, the confinement is not a condition precedent. If the insured were taken out because the house was on fire, or if he were carried to a hospital in an ambulance, it would not defeat a recovery. But that case does not decide that one can recover under this policy when he is totally incapacitated to labor, yet in no sense confined to his house. To so hold would be to refuse to give any substantial meaning to the plain language used by the parties in making their agreement. The term used is to be given a reasonable interpretation. It is not to be read out of the contract.

If necessity for confinement to the house is only an evidentiary fact, it is one that must appear. The disability must be of a nature to ordinarily confine one to the house. This is recognized in the Scales case, and most of the opinion is devoted to showing that the essential fact existed. There was in that case not only a substantial, but a literal and technical, confinement of the insured to his house.

The case at bar presents a different state of facts. One who is able to, and does, walk a quarter of a mile from his house to a barber shop is not then either " connected with " or " appurtenant "

to his house.   No one would think of saying that he was confined to the house.   Among people in general, the conclusive answer to the assertion that he was so confined would be that he was seen walking the streets a quarter of a mile from his dwelling.  ·

It was largely upon the ground of such general or common understanding of the meaning of the terms used that the Scales case was decided.   The same principle should prevail here.   As in that case there was not to be a strict construction of the term as a condition precedent, so here there cannot be a technical application of the language used in a part of the opinion in the Scales case.   The contract and the opinion in the former case are both to be interpreted reasonably.   Construed in this way, the policy is not deceptive.   As it cannot be presumed that the association intended to deceive the insured (*Scales* v. *Association*), neither can it be inferred that the insured intended to overreach the insurer. If he desired to insure himself against incapacity to labor or transact business, language could easily have been used to express the contract.   An unqualified agreement could have been made.

The case differs essentially in its facts from the one relied upon. There was here no evidence to support a finding that the plaintiff's disability was of the class insured against, and the motion for a nonsuit should have been granted.

<em>Exception sustained.</em>

All concurred.