# WILLIAM F. PIRSCHER

## vs.

# CASUALTY COMPANY OF AMERICA.

*Accident and Health Insurance: "wholly prevented from performing duties of occupation."*

By a paragraph of a policy of life insurance, it was provided that "if the illness * * * shall wholly prevent the insured from performing any and every right of duty pertaining to his occupation, for not less than one week, the company will pay him the weekly indemnity for the period of continuous disability during which he shall be necessarily confined to the house, not exceeding twenty-six weeks:" *Held,* that while a visit by the insured to the doctor's office might not avoid the policy, the conditions could not be stretched so as to allow the insured to visit his office almost daily for an hour or so to attend to business and give directions concerning the same.          p. 454

*Decided November 15th, 1917.*

Appeal from the Superior Court of Baltimore City. (STANTON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Frank Driscoll,* for the appellant.

*L. Vernon Miller* (with whom was *Marbury, Gosnell & Williams* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

William F. Pirscher was insured with the Casualty Company of America under a policy commonly known as an accident and health policy. By paragraph J of that policy it was provided that

> "if bodily disease or illness * * * shall wholly prevent the assured from performing any and every kind of duty pertaining to his occupation, for not less than one week, the company will pay him the minimum weekly indemnity for the period of continuous total disability during which he shall be necessarily confined to the house, not exceeding twenty-six consecutive weeks."

The policy was issued on the 21st of November, 1907, and kept in force by renewals until the happenings of the events hereinafter mentioned.

At the trial of the case, on the conclusion of the plaintiff's evidence, the Court granted an instruction directing the verdict for the defendant company. Upon the granting of this instruction a verdict and judgment was entered, and this appeal taken. The issue involved, therefore, is the correctness of the ruling of the trial Court in granting the instruction that the plaintiff had offered no legally sufficient evidence to entitle him to recover.

Mr. Pirscher was forty-five years of age, by occupation a lawyer, and in August, 1915, the policy now sued on being then in force, he began to suffer from a trouble of the bladder. He first consulted his family physician, Dr. Deetjen, then a second physician, and on the 11th of October, 1915, acting upon their advice, he placed himself under the care of Dr. Wolfe, a specialist in ailments of the description from which the plaintiff was suffering.

While under the care of Dr. Deetjen and Dr. Lloyd he continued to go to his office, though it was an exertion for him to do so, and was able to attend to but a part of his practice, and would remain at his office at most but two or three hours. When he came under Dr. Wolfe's charge, the plaintiff would go from his home to Dr. Wolfe's office, and after treatment there would walk to his own office and remain there about a quarter of an hour.

From the time when Dr. Wolfe began his treatment the plaintiff started to improve, and was then able to remain longer at his office, and capable of attending to some portion of his business. The treatments at Dr. Wolfe's, quite frequent at first, were gradually given at increasing intervals, over a period of about a year, and in addition to visiting his office during a portion of the time Mr. Pirscher played golf, and in the spring of 1916 paid a short visit to Atlantic City. This is the substance of the plaintiff's testimony.

Dr. Wolfe, when called as a witness, testified that the plaintiff was only partly disabled the entire time; that he was not confined to his home or confined to his bed; that he could not go to his office for quite a time at first because the treatment was severe, when the inflammation was at its height, and "it kind of disabled him, I know, for a few days at least and almost totally disabled him." The doctor further testified that it was necessary for Mr. Pirscher to come to his office, as the treatment involved the use of special instruments, which could not readily be taken to the plaintiff's home.

Mr. Greatzel, a member of the bar, who had an office in connection with Mr. Pirscher, testified that during the first week of his sickness he was away pretty nearly the entire time; that on the second or third day following the 12th of October, when the treatment of Dr. Wolfe began, he was down for only a few minutes, and that during the first week he was not at his office any day "more than ten or fifteen minutes or maybe half an hour;" that after the first week he

would be at his office daily for fifteen or twenty minutes or half an hour, and some days he would be there for two or three hours. It was upon this evidence that the ruling of the trial Court was asked, and upon which a verdict for the defendant was directed.

There have been numerous cases in which language such as that contained in this policy, or similar or equivalent language, has been used, and the interpretation placed upon it has by no means been uniform. Some courts have veered strongly in favor of the plaintiff, of which the cases of *Lobdill* v. *Laboring Men's Mutual Aid Society*, 69 Minn. 14; *Mutual Benefit Association* v. *Nancarrow*, 71 Pac. 423, and *Hoffman* v. *Mich. Home and Hospital Association*, 128 Mich. 323, are examples.

On the other side are the cases of *Gainor* v. *St. Lawrence Life Association*, 46 N. Y. Supp. 965; *Bradshaw* v. *The Am. Benevolent Association*, 87 S. W. 46, in which the Missouri Court says: "This class of insurance is often disappointing, because persons take it without reading the certificate. As was said in *Gainor* v. *St. Lawrence Life Association, supra,* in construing a policy like this the assured did not seem to appreciate the numerous safeguards and protections constituted by the policy for the benefit, not of the insured, but of the company, and which makes any payments by it in most cases purely optional. A policy which does not provide for indemnity to the holder for time actually lost on account of illness, even though the insured is not compelled to keep his bed continuously, may be of very little value, but the plaintiff accepted a contract of that character, and must stand or fall by its terms interpreted according to reason."

In the case of *Rocci* v. *The Mass. Accident Co.*, 222 Mass. 336, decided in 1916, CHIEF JUSTICE RUGG on page 343 refers to the condition of the policy, that "the insured by reason of sickness is necessarily confined within the house," and says: "A policy of insurance is a written contract, its terms are to be given a reasonable construction, each party

is entitled to have the contract interpreted according to the words used, and not stretched to include gratuities to one whose misfortune may excite sympathy. A stipulation that there can be no recovery except for a period while the insured is continuously confined within the house is a reasonable one. It is for the parties to decide whether they want that kind of insurance."

See also *Home Protective Association* v. *Williams,* Annotated Cases, 1915 A 260; *Dunning* v. *Accident Association,* 99 Me. 390; *Bruzas* v. *Peerless Casualty Co.,* 111 Me. 308, in which the Court split up the recovery according to the condition of the plaintiff, allowing for a portion of the time in full, a portion in part and entirely disallowing the balance.

In *Cooper* v. *Phoenix Accident and Sick Benefit Association,* 104 N. W. 734, the clause was substantially the same as in the policy now under consideration. The evidence was that the plaintiff was in the house most of the time from December 23rd to March 5th, and only went out to go to the doctor's office, or under his direction, and the Michigan Court said: "To say as matter of law that this evidence is sufficient to entitle the plaintiff to recover the indemnity contracted to be paid in case he was necessarily entirely and continuously confined to his house is to do violence to the law and the facts. Such a ruling involves much more than the construction of the contract. It is an interpretation of it which is inconsistent with the terms."

In the case of *Schneps* v. *The Fidelity and Casualty Company,* 101 N. Y. Supp. 106, the condition of the policy required necessary confinement to the house. The plaintiff was incapacitated from work for some time and went to the White Mountains to recuperate, and it was held that he was not entitled to recover under the policy.

A very complete collection of the adjudicated cases is to be found in 14 *R. C. L.,* in the notes to secs. 491 and 492. In the latter section, as a deduction from the adjudicated cases, it is said: "A person may be regarded as totally inca-

pacitated and confined to his house within the meaning of the policy insuring him against sickness notwithstanding he takes outdoor exercise by the advice of his physician, provided he is entirely incapacitated for work or business on account of his illness."

The rule thus stated is that which has been adopted by this Court in *Dulany* v. *Fidelity Casualty Co.*, 106 Md. 23; in which this Court held that confinement to the house did not, in the case of pulmonary trouble, inhibit the person from going upon the porch to get the open air, which was a part of the recognized treatment for illnesses of that nature, and this rule is the one applied in the case of *Scales* v. *Masonic Protective Association*, 70 N. H. 490, 48th Atl. 1084, and is the rule which is laid down upon the subject in IV *Cooley's Briefs on Insurance*, 3293.

Applying the rule which is thus supported by the great weight of authority, and which has already been adopted in this State, whatever may be said as to an avoidance of the policy by Mr. Pirscher's visits to Dr. Wolfe's office, the language "necessarily confined to his house," contained in Clause J, can not be stretched to include visits during practically all but two days of the period for which he claims indemnity to his law office and the transaction of business or giving directions there.

The trial Court, therefore, committed no error in granting the prayer of the defendant, and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs.*