PETER COLLIS, Appellant, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Respondent.

Fourth Department, November 10, 1932.

*Lynn Brothers* [*George T. Lynn* of counsel], for the appellant.

*Spencer, Ogden & Spencer* [*Nelson E. Spencer* of counsel], for the respondent.

PER CURIAM. In our view the finding of the trial court that plaintiff was not disabled and prevented from performing his occupation, as specified in the policy, is against the weight of the evidence. The testimony establishes to our satisfaction that plaintiff was immediately, continuously and wholly disabled by illness which prevented him from performing any and every kind of duty pertaining to his occupation during the whole of the period included between July 3 and November 6, 1928. His physicians testified without contradiction that he was suffering from a nervous breakdown, low blood pressure and an abdominal disturbance, which rendered it unsafe for him to continue at his work, and that in order that he might recover his health it was necessary for him to discontinue his business entirely for a period of four months. On July third he left his place of business and, on the advice of his physicians, he went to Europe where he stayed from July 3 until November 6, 1928. The insured was under the care of a physician while abroad.

Disability from substantially performing the duties of his occupation or an illness which in the exercise of common care and prudence required him to desist in order that a cure might be effected, is total disability under this policy. (*Metropolitan Life Ins. Co.* v. *Bovello,* 56 App. Cas. [D. C.] 275; *Pirscher* v. *Casualty Co.,* 131 Md. 449; 14 R. C. L. 1316.)

We are also of the opinion that the illness causing the disability began within the life of the policy. The policy was issued March 12, 1925, and renewed from year to year upon payment of the premium in advance. The renewal of the policy is not equivalent to a new policy and the illness causing this disability, having commenced about February 5, 1928, was contracted and began during the life of the policy. (*Baumann* v. *Preferred Accident Ins. Co.,* 225 N. Y. 480.)

Upon the evidence we find that the insured was necessarily absent from his business by reason of disability under the terms of the policy for a term beginning July 3 and ending November 6, 1928, amounting in all to eighteen weeks, for which at the rate of sixty dollars per week he is entitled to a judgment.

For these reasons the judgment in favor of defendant should be reversed, and a judgment in favor of the plaintiff for the sum of $1,080, with interest from January 1, 1929, should be granted, with costs to plaintiff, appellant.

Certain findings of fact and conclusions of law disapproved and reversed and new findings of fact made and conclusions of law reached.

All concur, except EDGCOMB, J., who dissents and votes for affirmance.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for the sum of $1,080, with interest from January 1, 1929, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.