13713

PEACE v. SOUTHERN LIFE & TRUST CO.

(171 S. E., 475)

*Mr. Leon W. Harris,* for appellant,

*Mr. A. H. Dagnall,* for respondent,

November 9, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action was brought by plaintiff to recover sick benefits under an insurance policy issued him by the defendant company. The complaint alleged that the plaintiff became disabled on March 10, 1932, and since that time has been "unable to work by reason of asthma"; that the defendant paid the claim of $15.00 for the first week, but refused to make further payments; and that the company owed him the sick benefits for a period of twenty-seven weeks, amounting to $405.00. Judgment was asked for that amount with interest.

The following defense was pleaded: "That the defendant denies the plaintiff is entitled to any illness benefits under

the terms of said policy, the policy containing a provision that the plaintiff must necessarily be confined to bed before he is entitled to any benefits, and that plaintiff has not suffered from illness necessarily confining plaintiff to bed, and that, in fact, plaintiff has not been confined to bed but has been working some and has been up and about at his convenience."

The case was tried at the April, 1933, term of Court of Common Pleas for Anderson County, Hon. W. H. Grimball presiding. At the close of plaintiff's testimony, the defendant moved for a nonsuit on the ground, *inter alia,* that the evidence showed that the insured was not confined to his bed during the time for which "he seeks to recover of the defendant." The court granted the motion, saying:

"I cannot believe that the words 'necessarily confining one to bed' are entirely without meaning. The words are clear, and in my opinion the policy means what it says; it covers and provides for benefits when the insured is suffering from such illness as necessarily confined him to bed, and does not insure him in case he should be suffering from such illness as does not necessarily confine him to bed.

"The plaintiff himself testified that he has not been necessarily confined to bed, although he undoubtedly is, as stated above, suffering from a severe case of asthma."

From this order plaintiff appeals.

We quote here the following pertinent provisions of the policy: "Benefits will be paid for each day that the Insured is by reason of illness necessarily confined to bed  *  *  * providing such confinement is not less than four consecutive days.  *  *  *  The Insured shall not be entitled to any benefits for illness or accident under this policy unless a certificate on the Company's form by a regularly licensed and practicing physician  *  *  *  shall first be furnished the Company."

It appears that a proper disposition of the appeal turns mainly upon the construction of the words of the policy,

"necessarily confined to bed." There are numerous cases in which the words "confined to the house" or "confined within the house," have been construed by the Courts; and in these cases it is generally held that such clauses should be given reasonable construction and that recovery may be had where there is a "substantial confinement to the house," although "the insured may go out of the house to get air or sunshine or to see his physician, or for some other necessary purpose." See *Breil v. Claus Groth Plattsdutschen Vereen,* 84 Neb., 155, 120 N. W., 905, 23 L. R. A. (N. S.), 359, 18 Ann. Cas., 1110; *Stewart v. Continental Casualty Co.,* 141 Wash., 213, 250 P. 1084, 49 A. L. R., 960. We have been able to find, however, only a few cases construing the words "confined to bed" or "necessarily confined to bed."

In *Bradshaw v. Association,* 112 Mo. App., 435, 87 S. W., 46, 47, where a clause of this kind in a policy was considered, the Court said: "We would not, of course, hold that this clause meant that a patient must stay every minute in bed for his right to indemnity to accrue, but the manifest purpose of the policy was not to indemnify for loss of time due to sickness unless the patient was bedridden in a substantial sense."

In *Hays v. Association,* 127 Mo. App., 195, 104 S. W., 1141, we find (quoting syllabus): "Insured was 'entirely and continuously confined to bed,' within a health policy, where he was confined to bed the greater portion of the time every day during his sickness, though at times he sat outside the house, was once driven a few blocks, and was in and out of bed many times."

The Court in that case said: "The words employed must be viewed in the light of common sense, and there must be some reasonable construction placed upon the words 'entirely and continuously' when used in connection with requiring a sick person to keep his bed; otherwise, one who is in fact so enfeebled by sickness as to be unable to bear the fatigue of being dressed by an attendant would forfeit his

insurance by sitting propped up in a chair for a few moments or an hour, as a change from a reclining position upon the bed."

The same question was again before the Missouri Court in *North v. Insurance Company* (Mo. App.), 231 S. W., 665. In that case the policy provided that "weekly benefits for sickness will only be paid for each period of seven consecutive days that the insured is, by reason of illness, necessarily confined to bed." The evidence showed that the insured suffered from heart trouble, and that at times she was unable to lie in bed, her ailment being such that she could not get her breath while in a reclining position. The Court observed: "Under the facts in this case, it would be rank nonsense to hold that because the insured could not lie in bed, owing to the bad condition of her heart, she was not entitled to sick benefits. That provision of the contract heretofore set out does not mean that the insured should be confined to bed all the time, but means that the insured must be 'bedridden in a substantial sense.' "

In *Home Protective Association v. Williams,* 151 Ky., 146, 151 S. W., 361, 362 Ann. Cas., 1915-A, 260, the Kentucky Court quoted from the Missouri decisions, and held that the following was a proper charge to the jury: "The insured was necessarily and continuously confined to bed if his sickness was such as would reasonably confine a person continuously to bed or substantially so confine him, though he may have been up at times to get fresh air or for other purposes."

In the case at bar, Dr. Smethers, a witness for plaintiff, testified that he had regularly treated the insured from May 10th to the middle of September, 1932; that he suffered almost continuously from asthma—one of the worst cases that witness had ever treated and the most continuous; that "he has a shortness of breath, difficulty in breathing, coughs considerably, a great deal of rattling in his chest, and rales, mucous moist rales, with dyspnoea, so that he can scarcely

get his breath at times; described by some of the authorities as being unable to lie still in bed but have to rise to sitting position, and even extending beyond the sitting position, to allow the viscera to fall down so as to give the diaphragm a chance to work better and also help the accessory muscles of respiration"; that in his judgment the insured had been a "bed patient" practically all of the time he had treated him; that he was in bed every time witness went to see him from the 10th of May until the middle of September except when he was sitting on the edge of the bed trying to get his breath; and that he visited him at his home every week during that time. The defendant introduced in evidence certain weekly reports made by Dr. Smethers to the company between May and September of 1932. In some of these, in answer to questions asked, the doctor stated that the insured was not "necessarily confined to bed."

Dr. Land testified that he had examined the insured the day before and found that he had a severe case of chronic bronchial asthma; that no asthmatic can stay in bed all of the time, but has to assume various positions for the purpose of getting relief. The plaintiff himself testified that he had done no work since he became ill; that he had not been in bed all of the time, as he felt easier when he was up; that he had walked some—just short distances—and had gone to the office of his doctor at times to see him.

The trial Judge took the view that, although the insured was seriously afflicted with asthma, his testimony that he was not regularly in bed would defeat, as a matter of law, his claim for sick benefits under the policy. We think, however, it was for the jury to say, under all of the evidence in the case, whether he was bedridden in a substantial sense; and the Court committed error in not submitting that question to them under proper instructions.

The judgment is reversed and the case remanded for a new trial.

Mr. Chief Justice Blease and Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.