INTERSTATE LIFE & ACCIDENT COMPANY *v.* LANGE.

4-3836

Opinion delivered April 22, 1935.

*Brickhouse & Brickhouse,* for appellant.

*B. R. Bogard* and *Sam Robinson,* for appellee.

BUTLER, J.. The appellee, George Lange, is a negro man, who, on the date of his trial was approximately 52 years old. He was a helper in a garage for Mr. Carroll for whom he had worked continuously for more than ten years prior to December, 1933. In April, 1928, he procured a policy of insurance indemnifying him against loss on account of accident or disease. The premiums were payable weekly in the sum of fifty cents per week which he paid regularly so that in May, 1934, his policy was in full force and effect. The policy, among other things, provided for indemnity for disability due to accident or illness subject to certain conditions and limitations expressed in the policy. In the event of disability there was provision for payment of benefits in the sum of $10 per week. In paragraph 2 of the "Conditions" it was provided that the weekly benefits at the rate named were to be paid each seven days "(a) for each day that the insured is by reason of illness under the care of a phy-

sician and necessarily confined to bed, or (b) for each day that the insured is by reason of accidental injury * * * disabled from performing work of any nature; provided in each case (a) and (b) such confinement or disability is not less than four consecutive days * * * the total period for which benefits will be paid under this policy for any one illness * * * is one hundred and four (104) weeks.''

Some time just prior to, or beginning with, the month of December, 1933, the appellee became ill which illness continued to some time in April of 1934. Claim was made for sick benefits and appear to have been paid. Appellee resumed work in April with his employer, Mr. Carroll, but only worked for a few days when, on or about May 7, 1934, he had to stop work and was confined to his bed on account of illness. He was under the care of a regular medical practitioner, who treated him at his home, and in the physician's office from time to time up to December 1, 1934. For this last illness claim was properly made to the insurance company and was disallowed. Appellee thereupon instituted the action from which this appeal comes for damages for breach of the insurance contract in a sum equal to the present value of the weekly benefits for one hundred and four weeks. Upon the trial below appellee was awarded a verdict of $500, and the court rendered judgment for that amount.

Among the assignments of error are certain ones which complain of the charge given by the court to the jury with respect to certain instructions given at the request of the appellee and others requested by the defendant which the court either modified and gave as modified or which it refused. We have examined the instructions given, those modified and given as modified and those refused in connection with the evidence adduced at the trial. We are of the opinion that no prejudicial error was committed. We do not set out these instructions, nor do we deem it necessary to make any extended comment upon the action of the court, for, as we view the case, no useful purpose could be served thereby.

At the conclusion of the testimony the appellant (defendant in the court below) moved for an instructed

verdict, and the refusal of the court to direct a verdict in its behalf is the main ground of error assigned and argued by counsel. It is appellant's contention that the facts proved are not sufficient to establish liability within the meaning of paragraph (a) of § 2, quoted *supra*. Counsel construe the contract of insurance to mean that in order for liability to attach under the paragraph (a) of § 2 that the illness must have been such as to confine the insured to his bed continuously and cite a number of decisions of other courts to sustain that view. *Sawyer* v. *Masonic Protective Ass'n*, 75 N. H. 276, 73 Atl. 168; *Bradshaw* v. *American Benevolent Ass'n*, 112 Mo. App. 435, 87 S. W. 46; *Lieberman* v. *Columbia Nat. Life Ins. Co.*, 47 Pa. Super. 276; *Liston* v. *N. Y. Casualty Co.*, 28 Misc. 240, 58 N. Y. Supp. 1090. These appear to sustain appellant's contention. Counsel cite other cases construing the effect of policies similar to the one involved, but an examination of these show the facts to be different to the proof made on behalf of the appellee.

The strict and literal construction of insurance contracts adopted by the courts whose decisions have been cited is not that adopted by this court. It is the rule here that, since the contract was written by the insurer, it must be strictly construed as to the insurer and liberally as to the insured. Applying this rule, this court has held that clauses limiting disability under policies of indemnity for illness which "necessarily confined within the house" are not to be interpreted literally and strictly.

The recent case of *Mass. Protective Ass'n* v. *Oden*, 186 Ark. 844, 56 S. W. (2d) 425, was one arising under an accident policy providing for recovery for total disability only if insured was "necessarily confined within the house." The court held that the insured, who was totally disabled, was not precluded from recovery because, under the advice of physicians, he took frequent short automobile rides, also a trip by train to the seashore for a change of climate, and on one occasion made an automobile trip to a neighboring town to visit with relatives and friends on a holiday. This case cited and followed the cases of *Great Eastern Casualty Co.* v. *Robbins*, 111 Ark. 607, 164 S. W. 750, and *Interstate Busi-*

ness Men's Acc. Ass'n v. Sanderson, 144 Ark. 271, 222 S. W. 51.

The evidence in the case at bar is in conflict, that on behalf of appellant tending to show that appellee is not totally disabled or suffering from any serious ailment, while that on behalf of the appellee is to the effect that from May 7 until approximately the date of the trial the defendant was suffering from a disease of the kidneys and a ventral hernia, from which combined ailments he was totally disabled.

The testimony is to the effect that since May 7, 1934, appellee has been confined to his bed at intervals. His physician advised that he get up as often as he could and take a little exercise, and get out in the sunshine and open air as this might benefit him. Whenever he felt better, appellee would get out of bed and go to his wife's place of business about four blocks from his home where he would sit around in the sunshine. In order to save the expense of the doctor's call, he would go to the office for treatment which was about three blocks from his house. On one occasion he was seen dyeing a pair of shoes at his wife's shoe shining parlor. He owned a little Spitz dog which he was asked to bring to a lady's house some distance away so that it might be bred to a female which the lady owned. He was driven there in an automobile, and at the lady's request he took the dogs under either arm and had his picture taken while he was standing and also while sitting. On this occasion he was requested to, and did, open a gate, and his picture was taken while performing this act. He was examined about October 1, 1934, and was found to be running a temperature of about 100½ degrees. The manager of the appellant, when asked if he visited the appellee to see whether or not he was bedfast, answered, "not bedfast, but confined to bed." When asked the distinction between "bedfast" and "confined to bed," he said: "Bedfast is where you can't even get out of bed," and defined "confined" as "that is where you are up and down." This is exactly what the testimony shows the appellee's condition to have been, and it is our opinion that the facts proved

bring this case within the rule announced in the cited decisions of our court.

It may be said that, while there are cases sustaining the appellant's view, to some of which we have referred, we think the rule announced by this court is supported by the weight of authority. 7 Couch on Insurance, § 1681, provides: "Confined to Bed—Applying the rule that the words 'confined to bed' do not necessitate spending every minute in bed, it has been held that an insured is entitled to recover if he was necessarily and continuously confined to bed, and totally unable to follow his vocation, and furthermore, that he is necessarily and continuously confined to bed if his sickness is such as would reasonably confine a person continuously to bed, or substantially so confine him, even though he may be up at times to get fresh air, or for other purposes." See also *Hayes* v. *General Assembly Benevolent Ass'n*, 127 Mo. App. 195, 104 S. W. 1141; *Columbian Relief Ass'n* v. *Gross*, 25 Ind. App. 215, 57 N. E. 145; *Van Dusen* v. *Interstate Bus. Men's Ass'n*, 237 Mich. 294, 211 N. W. 991; *Jentz* v. *National Casualty Co.*, 52 N. Dak. 688, 204 N. W. 344; *Mutual Benefit Ass'n* v. *Nancarrow*, 18 Col. App. 274, 71 Pac. 423; *Ramsey* v. *General Accident F. & L. Ins. Co.*, 160 Mo. App. 236, 142 S. W. 763; *American Life & Acc. Co.* v. *Nirdlinger*, 113 Miss. 74, 73 So. 875; *Breil* v. *Claus Groth Plattdutschen Vereen*, 84 Neb. 155, 120 N. W. 905; *Olinger* v. *Mass. Protective Ass'n*, 221 Mo. App. 405, 278 S. W. 86; *Ætna Life Ins. Co.* v. *Willetts*, 282 Fed. 26.

It follows from the views expressed that the judgment of the trial court is correct, and it is affirmed.