BETTY MAE KING, by WILLIAM KING, Her Guardian ad Litem, Respondent, v. VILLAGE OF TULLY, Appellant.— Judgment and order affirmed, with costs. Memorandum: We think the verdict directed by the court finds support in the evidence and is not against its weight and there being no errors of law on the trial the judgment should be affirmed. (*Danaher* v. *City of Brooklyn*, 119 N. Y. 241, 254, 255; *Tagg* v. *City of Lockport*, 228 App. Div. 319, 320; affd., 254 N. Y. 582; *Gubasko* v. *City of New York*, 12 Daly, 183; affd., 1 N. Y. Supp. 215, 217; *Murphy* v. *City of Lockport*, 257 App. Div. 920; *Lahart* v. *City of New York*, 246 N. Y. 643.) All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

WILLIAM KING, Respondent, v. VILLAGE OF TULLY, Appellant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

STANLEY SOSNOWSKI, Respondent, v. ÆTNA LIFE INSURANCE COMPANY, Appellant.— Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs. Memorandum: The verdict of the jury that the plaintiff was entitled to recovery under a group insurance policy which provided that an employee who while insured thereunder " becomes totally disabled and presumably will thereafter during life be unable to engage in any occupation or employment for wage or profit " is contrary to and against the weight of the evidence where it appears that the plaintiff, though suffering from silicosis during the period, did not know that he was suffering therefrom, did his full work every day, except one, during the entire period while the insurance was in force from April 30, 1933, to June 25, 1934, was not discharged because of any failure to do his work satisfactorily and did not consult a physician until March, 1938, shortly after which he first learned of his condition. We must interpret the words " total disability " as they would be interpreted by the ordinary business man and give them the meaning which they have in common thought and in common speech. (See *Collis* v. *Massachusetts Bonding & Ins. Co.*, 236 App. Div. 525; affd., 264 N. Y. 447; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 id. 81, 84; *Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 id. 303, 306.) All concur. (The judgment is for plaintiff in an action to recover disability benefit under a group insurance policy. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

CARROLL FOSTER, Appellant, v. YORKSHIRE INSURANCE COMPANY, LTD., Respondent.— Order reversed as matter of discretion, with ten dollars costs and disbursements, and motion denied, without costs. All concur. (The order grants defendant's motion to vacate plaintiff's demand for a bill of particulars in an action to reform a fire insurance policy.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

SAMUEL SHOPIRO, Respondent, v. FAIRMOUNT BUILDING Co., INC., and Others, Appellants.— Order of May 7, 1938, so far as appealed from, affirmed, with ten dollars costs and disbursements. Memorandum: We read the order of May 7, 1938, as being an order made at the foot of the judgment. An appeal from such an order does not permit a review of the judgment itself. Assuming that the judgment of March 28, 1938, is before us for review, we hold that the court had discretionary power to grant the additional allowance. A defense having been