## COLUMBIAN RELIEF FUND ASSOCIATION *v.* GROSS.

[No. 3,110. Filed April 24, 1900. Rehearing denied June 26, 1900.]

BENEFICIAL ASSOCIATIONS.—*Rights of Member to Benefits.*—A member of a beneficial association who, during the time for which he claimed indemnity, was, on account of sickness, wholly disabled and prevented from prosecuting any and all kinds of business, does not forfeit his right to indemnity by leaving his room, under the direction of a physician, for the benefit of his health, although such act was in violation of the strict letter of the contract.

From the Floyd Circuit Court. *Affirmed.*

*G. B. McIntyre, J. B. James* and *W. H. Latta,* for apellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

ROBINSON, J.—Appellee sued upon a policy issued by appellant insuring against loss of time by sickness. There was a special finding of facts and conclusions of law in appellee's favor, to which appellant excepted. The complaint is not questioned.

The policy contains, among others, this provision: "If, at any time after this certificate has been in continuous force and effect for ninety days, said member shall, through sickness or disease that originates after the expiration of the above term, become totally disabled and such sickness or disease shall, independent of all other causes, wholly and continuously disable and prevent said member from prosecuting any and all kinds of business, upon satisfactory proofs to the association of such total and continuous disability, the member shall be entitled to and receive ten dollars per week during the time by reason thereof the member is continuously confined to the house and under a physician's care, after the first week, not to exceed thirty weeks for any one illness."

A clause in one part of the application, which by its terms is made part of the policy, reads: "That I made the foregoing answers in person and that I shall only be entitled to benefits for sickness originating after ninety days' membership and then only for the number of consecutive days (in excess of one week) that I am confined to the house and under a physician's care." Another clause in another part of the application reads: "That I can not claim indemnity for sickness or accidental injuries that do not render me totally unable to perform any or all duties of my occupation."

The evidence is undisputed and the findings show that appellee, during the time for which he claimed indemnity, was, on account of sickness, wholly disabled and prevented from prosecuting any and all kinds of business and was under the care of a physician. But it is argued that he was not confined to his house during that time, within the meaning of the policy.

The findings, which are supported by evidence, show that when appellee became sick he employed Dr. McIntyre; that within a week Mr. Fuller, appellant's agent, requested appellee to discharge Dr. McIntyre and employ Dr. Levi, which appellee did; that about thirty days thereafter Mr. Fuller requested appellee to discharge Dr. Levi and employ Dr. Starr, which appellee did; that the three physicians were each and all skilful and competent; that while appellee was under Dr. Levi's care, Dr. Starr, at appellant's direction, made an examination of appellee as to the character of his sickness; that while under Dr. Starr's care, Dr. Levi, at appellant's direction, made a like examination; that during the latter part of the time appellee was under Dr. Levi's care, upon the direction and request of Dr. Levi, he called at the physician's office to receive medical treatment; that while under Dr. Starr's care, he called at the physician's office for treatment at the direction and request of the physician; and under the direction and advice of Dr. Starr appellee occasionally took exercise in his yard and on the pavement about and near his residence; that appellee was not out of his house within the time in question except when so directed or requested by his physicians and at such times he was in the open air from twenty minutes to half an hour, and was during all such times continuously under the care of the physicians, and following out their instructions and advice in and about curing himself of his sickness.

It is well settled that an application for insurance and the policy issued must be construed together as one contract. From the separate clauses set out in the application an applicant would not be limited in his rights to benefits, as he is under the clause set out in the policy. But construing the scattered restrictions and limitations in the application together, and in connection with the policy itself, the strict letter of the contract probably provides that benefits are to be paid only for the time the beneficiary is totally disabled from sickness, continuously confined to his house and under a physician's care.

But we can not agree with counsel that the acts of appellee, as shown by the findings, in going out of his house under the directions and advice of skilful and competent physicians for the purpose named, was a violation of the conditions upon which he was to receive indemnity. Conceding such acts to be a violation of the strict letter of the contract, they were not a violation of the spirit and true intent and purpose of the contract. The very acts of which appellant complains were done for the purpose of restoring the member's health and thus ending his right to benefits. The policy itself requires that in order to receive benefits the beneficiary must be under a physician's care. Appellant would no doubt earnestly complain if a member continued sick through refusal to follow the physician's instructions. And it now complains because the member, in trying to regain his health, followed out the instructions of a physician which the policy compels him to call before he can claim any benefits. It would be unreasonable to compel a member to place himself under a physician's care, and then deny him benefits for submitting himself to that physician's treatment. Appellant could not be heard to complain had appellee followed the advice of a skilful and competent physician selected by himself, and especially will appellant not be heard to complain when the physicians are of its own choosing.

Judgment affirmed.