## JONES *v.* RICHARDSON.

### (*Knoxville.*   October 27, 1897.)

1. CHARGE OF COURT.   *Erroneously invades province of jury.*

   Upon the facts stated in the opinion, the Court erroneously assumed, in his charge to the jury, that there was no proof of partnership in the ownership of the goods involved in this suit.   (*Post, pp. 615, 616.*)

2. EXECUTION.   *Levy upon partnership property.*

   An execution may be levied upon the interest of one partner or joint owner in the common property for his individual debt. The levy is effected by seizure of the entire common property, or some considerable portion of it sufficient to warrant further proceedings by sale of the interest, or by bill in equity, before sale, to wind up the partnership.   (*Post, p. 616.*)

   Cases cited: Rains *v.* McNairy, 4 Hum., 358; Logan *v.* Hartford Coal Co., 9 Heis., 690; Sanders *v.* Bartlett, 12 Heis., 318; Knight *v.* Ogden, 2 Tenn. Ch., 477; Haskins *v.* Everett, 4 Sneed, 531.

3. REPLEVIN.   *For partnership property.*

   Replevin will lie by a partner, upon his giving proper bond, to recover partnership property from an officer holding it under levy for the individual debt of a co-partner.   (*Post, pp. 616, 617.*)

   Case cited: Rains *v.* McNairy, 4 Hum., 358.

---

FROM   KNOX.

---

Appeal in error from Circuit Court of Knox County.   JOSEPH W. SNEED, J.

T. L. CARTY for Jones.

J. F. J. LEWIS for Richardson.

WILKES, J.  This is an action of replevin commenced before a 'Justice of the Peace.  Upon appeal to the Circuit Court there was a trial before the Court and jury, and verdict and judgment for the plaintiff, and defendants have appealed.

The property involved is a greenhouse stock of flowers, bulbs, and furniture.  This stock was levied upon by Hood, an officer, to satisfy an execution in favor of Jones Bros. & Martin, as the property of James G. Richardson and W. H. Henderson.  They were replevied by Mary S. Richardson.  It appears that the stock at one time belonged to the plaintiff, Mary S.  She permitted it to remain in the hands of W. H. Richardson, her father, and James G. Richardson, her brother, and they carried on the business for several years, using the general stock and adding' to it, and not keeping the original and added stock separate, and the stock was in this condition when levied. upon.

It is objected that the Court charged the jury that there was no proof of any partnership; and, again, that inasmuch as the articles added by James M. Richardson and W. H. Richardson could not be identified, there could be no levy upon them, and the only relief would be in equity for an accounting, which could not be had in an action of replevin.

We are of opinion there is error in this charge.

There was evidence as to the manner in which these plants were grown, handled, and sold, from all which the jury might have inferred a partnership, and it was error to take this question away from them. In addition, the proof tended to show that if the parties were not partners, still they were joint owners of the stock.

In either event, the interest of one partner or joint owner, in the common property, may be subjected to his individual debt. In order to do this, the officer having the execution may seize the entire stock, or some considerable portion of it, sufficient to warrant further proceeding. *Rains* v. *McNairy*, 4 Hum., 358; *Logan* v. *Hartford Coal Co.*, 9 Heis., 690; *Knight* v. *Ogden*, 2 Tenn. Chy., 477; *Sanders* v. *Bartlett*, 12 Heis., 318; 17 Am. & Eng. Enc. L., 1337. After the levy is made the creditor may proceed in either of two ways—that is, may sell the interest of the partner or joint owner, and leave the purchaser to go into equity and wind up the partnership and ascertain the interest, or the judgment creditor may, before sale, in the same manner, ascertain the interest, and subject it by proper decree. *Haskins* v. *Everett*, 4 Sneed, 531; *Knight* v. *Ogden*, 2 Tenn. Chy., 477. In any event, only the interest of the partner or joint owner can be subjected. *Sanders* v. *Bartlett*, 12 Heis., 318, and cases cited above; 17 Am. & Eng. Enc. L., 1337.

The partner or joint owner whose interest is not seized, can, if he desire, replevy the partnership or

Jones *v.* Richardson.

common property by giving bond, in sufficient penalty, to account for the interest of the party levied upon. That was not done in this case, but the proceeding was to recover from the officer the entire property as belonging exclusively to Mary S. Richardson, and recognizing no interest in it of the judgment debtors, James M. and W. H. Richardson. The question made under the replevin, as brought, is whether James M. and W. H. Richardson have any interest in the property, and the claim is that they have not, but that it belongs to Mary S. Richardson alone. This is a question for the jury, under a proper charge; but under the charge, as given, the Court assumes there was no partnership, and then instructs the jury virtually that, if they are joint owners the only remedy is in equity. The leading case of *Rains* v. *McNairy*, 4 Hum., 358, was not a case of partnership, but of joint or part owners.

Let the judgment be reversed, and the cause remanded for a new trial.