BORDEN MILLS, INC., *v.* TISHIE McGAHA, BY NEXT FRIEND.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

CARL K. KIRKPATRICK and WORLEY, McAMIS & HAWK, for plaintiff in error.

DODSON & FERGUSON and KELLY & PENN, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by an employee of the plaintiff in error to recover under the workmen's compensation

statute for injuries alleged to have been sustained by her, arising out of and in the course of her employment. There was an award in her favor below.

No question is made as to the amount of award, nor is it denied that the employee is disabled as claimed. The defenses to the suit are three; (1) that the statutory notice was not given, (2) that the employee is suffering from a disease not brought about from injury, and (3) that the injury, if responsible for the disease, did not arise out of and in the course of her employment.

■ We think that the employer waived the notice. Within thirty days of the alleged injury, the father of the girl called on the superintendent of the employer, told of her condition and stated her claim. The superintendent expressed the opinion that the girl's condition was not due to any injury she had received but to disease and declined unequivocally to pay her any compensation. In view of this flat denial of liability on the part of the superintendent, a written notice would have been an idle ceremony. Such being the facts, we think the employer waived the written notice, just as a denial of liability on the part of an insurance company waives a written notice for which the policy provides. *Insurance Co.* v. *Hancock,* 106 Tenn., 513; *Insurance Co.* v. *Thornton,* 97 Tenn., 1.

■ Four doctors testified on the trial below. It appears that the employee is suffering from ankylosis of the right wrist, resulting in a fifty per cent loss of the use of her right hand. Two of the doctors were of opinion that the injury she claimed to have received had no connection with her condition. Two of the doctors were of opinion that this injury either induced or aggravated the disease. She and members of her family testified that, prior to the injury, she had full use of this hand.

Upon such proof the trial judge found in favor of the employee and we cannot disturb his finding.

■ The employee testified that she worked in the mill at night; that she reported shortly before 6:30 P. M., when she was due to go to work; that at 6:30 P. M. she was sitting on a box at her place of work waiting for the frames at which she worked to be brought up. It appears that this box was mounted on wheels. While she was sitting, as stated, another employee, in a spirit of fun, came up behind her, began pushing the box and rolled her rapidly up the floor of the room. In making a turn she was thrown off the box and claims to have fallen on her wrist and injured it. She and her family describe the subsequent soreness and swelling of this member. ·

It has been held in a number of cases that compensation is not recoverable by an employee for injuries sustained through horseplay or skylarking, done independently or disconnected from the performance of any duty of the employment, on the ground that such injuries did not arise out of the employment. *Carnado Beach Co.* v. *Pillsbury,* 172 Cal., 682, L. R. A. 1916F, 1164; *White* v. *Kansas City Stock Yards Co.,* 104 Kan., 90; *Moore's Case,* 225 Mass., 258; *Payne* v. *Industrial Commission,* 295 Ill., 388, 13 A. L. R., 518.

Other cases, under facts quite similar, hold that such injuries do arise out of and in the course of the employment. *Socha* v. *Cudahy Packing Co.* (Neb.), 181 N. W., 706, 13 A. L. R., 513; *Leonbruno* v. *Champlain Silk Mills,* 229 N. Y., 470, 13 A. L. R., 523; *Glenn* v. *Reynolds Spring Co.,* 225 Mich., 693, 36 A. L. R., 1164.

Other cases, presenting each view, are collected in A. L. R., Notes, Vol. 13, 540, Vol. 20, 882, Vol. 36, 1469, Vol. 43, 492, Vol. 46, 1150.

In *Leonbruno* v. *Champlain Silk Mills, supra,* the employee was struck by an apple which one of his fellow servants was throwing in sport at another, and the New York Court of Appeals said:

"That it arose 'in the course of employment' is unquestioned. That it arose 'out of' employment, we now hold. The claimant's presence in a factory in association with other workmen involved exposure to risk of injury from the careless acts of those about him. He was brought by his work 'within the conditions of the zone of special danger.' *Thom* v. *Sinclair* (1917), A. C. 127, 142, 86 L. J. P. C. (N. S.), 102, 116 L. T. (N. S.), 609, 33 Times L. R., 247, 61 Sol. Jo., 350, 10 B. W. C. C., 220, Ann. Cas. 1917D, 188. Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service. We think with KALISCH, J., in *Hulley* v. *Moosbrugger*, 87 N. J. L., 103, 93 Atl., 79, 8 N. C. C. A., 283, that it was 'but natural to expect them to deport themselves as young men and boys, replete with the activities of life and health. For workmen of that age, or even of maturer years, to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to everyone who employs labor.' The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment. *Thom* v. *Sinclair, supra; Redner* v. *H. C. Faber & Son,* 223 N. Y., 379, 119 N. E., 842."

Some of the decisions make a distinction between cases in which the injured employee is engaging in the

horseplay or skylarking and cases in which the injured employee took no part therein but was attending to his duties. *Hollenbach Co.* v. *Hollenbach,* 181 Ky., 262, 13 A. L. R., 524; *Markell* v. *Daniel Green Felt Shoe Co.,* 221 N. Y., 493; *Willis* v. *State Industrial Commission,* 78 Okla., 216; *Newport Hydro Carbon Co.* v. *Industrial Commission,* 167 Wis., 630.

This seems to us a sound distinction for, if the injured employee is participating in foolishness it seems to us a question may then arise as to whether he has so departed from his employment. Otherwise, if he is proceeding in his employment and injured by the foolishness of another in which he did not participate.

The expression of the New York Court of Appeals heretofore quoted seems in line with previous decisions of this court. *Stratton Co.* v. *Rollison,* 156 Tenn., 256; *Carmichael* v. *Mahan Motor Co.,* 157 Tenn., 613. In the latter case it was said that "an injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the condition under which the work is required to be performed and the resulting injury." For the reasons stated by the New York Court, we think that such causal connection exists here.

The judgment below is affirmed.