## INTERSTATE LIFE & ACCIDENT CO. v. SPURLOCK.

Middle Section. January 14, 1933.

Petition for Certiorari denied by Supreme Court, April 8, 1933.

Turner & Haston, of McMinnville, for plaintiff in error, Insurance Co.

Mercer & Johnson, of McMinnville, for defendant in error, Spurlock.

CROWNOVER, J. This case is again before us on motion to dismiss the writs of error and supersedeas heretofore granted by us in this case, in that the supplemental record showed that the bill of

exceptions was filed on August 31, 1931, and that the verdict and judgment had actually been made on June 22, 1931, but the same were entered of record by an order nunc pro tunc made on July 4, 1931.

This motion must be overruled, for the reason that the judgment overruling the motion for a new trial was not actually made and entered until July 4, 1931, and in that order the defendant was allowed sixty days in which to prepare and file a bill of exceptions; hence the bill of exceptions, being filed on August 31, 1931, was filed within the time allowed.

It is insisted that the original judgment was made on June 22, 1931, but was entered under an order nunc pro tunc made and entered on July 4, 1931.

The supplemental record filed in this case was prepared and filed under a written stipulation signed by all the attorneys. This written stipulation contains the minutes of the court showing the return of the verdict and the entry of the judgment. It shows that the verdict was returned on June 22, 1931, but was entered under a nunc pro tunc order made on July 4, 1931. The motion for a new trial was filed some time before July 4, as the order shows that the court overruled the same on July 4 and entered judgment for the plaintiff for $325, with interest, to which the defendant excepted and prayed an appeal, which was granted, and sixty days from July 4, 1931, was allowed the defendant in which to prepare and file its bill of exceptions. There is nothing in the record showing that the judgment was actually made on June 22, 1931, but, on the contrary, the supplemental record shows that it was made and entered on July 4, 1931. It was agreed by the attorneys that the supplemental record was a correct copy of the verdict and judgment, hence the motion must be overruled, and the clerk is directed to place the case on the docket for trial at the next term of this court.

## ON THE MERITS.

This was an action to recover sick benefits accruing to the assured under an indemnity or disability policy issued by the defendant company, the assured contending that he had become almost totally blind, and was therefore entitled to recover, whereas the insurance company contended that it was not liable because he was not confined to his bed as required by the provisions of the policy.

The action originated in a justice of the peace court, where plaintiff's action was dismissed. He appealed to the circuit court, where he amended his warrant to sue for a weekly indemnity of $5 a week for fifty weeks under one policy and $1.50 per week for fifty weeks under another policy.

The case was tried to the judge and a jury. At the close of plaintiff's proof, and again at the conclusion of all the evidence, defendant moved for a directed verdict, which motions were overruled by the

court, to which defendant excepted. The jury returned a verdict of $325 principal and $9.75 interest in favor of the plaintiff.

Motion for a new trial was overruled, but the insurance company failed to perfect its appeal, and now it has filed the record in this court and a petition for writs of error and supersedeas, which were granted.

Defendant has assigned errors as follows:

(1) There is no evidence to sustain the verdict of the jury.

(2) The court erroneously charged the jury as follows:

"This provision in No. Six makes specific provisions as to when this shall be done, and under this, as I have already said, it provides that the benefits shall be paid for each day that the insured may be, by reason of illness confined to his bed, and each day he is, by reason of accidental injury, disabled from performing work of any nature, providing a certificate of a duly licensed and practicing physician showing he is disabled is furnished at the end of each week. So, before the plaintiff can recover he must establish and prove by the preponderance and weight of the proof that he is, by reason of illness, necessarily confined to his bed. Our courts have spoken of what that means. Now, what does that mean? It means that before this man can recover in this case he must be necessarily confined to his bed. It does not mean that he can't get up, or that he can't go out of the house, but by reason of sickness, disease or accident he is in the same position or condition that he would be in as if he were chained or confined to his bed. A blind man is that way, meets the provisions of this. He may get up and walk over a ten acre field, he may go about and have other people lead him, but under the sense of this provision he is confined to his bed because he can't go out without the assistance of somebody else. This man, before he can recover, his condition must be such, substantially, that he is just as if he were blind, or that he is confined to his bed; that while he can be led about, or go about as a blind man can, he is afflicted with the same ailment as a blind man; he must be protected and looked after and cared for just as a blind man, and he is to all intents and purposes blind. If so, he is confined to his bed."

The facts necessary to be stated are: That William Spurlock is a negro man of the age of sixty-one years. Under date of July 1, 1918, the defendant insurance company issued to him a policy of insurance, providing, among other things, for a weekly indemnity of $5 for sickness. On December 6, 1920, the insurance company issued to him another policy of the same terms, but providing for an indemnity of $1.50 per week for sickness. Both policies are in force. The first policy, No. 146288, contains the following provisions:

"6. Weekly benefits for sickness will only be paid for each period of seven consecutive days that the Insured has been, by reason of

illness, necessarily confined to bed and there visited professionally by a duly licensed and practicing physician. Weekly benefits for accident will only be paid for each period of seven consecutive days that the Insured is, by reason of accidental injury, disabled from work of any nature; and there must be external evidence of such injury for the time paid. The number of weekly benefits payable under this Policy in any twelve consecutive months is limited to fifty.''

''Benefits will be paid ¦for each day that the Insured is by reason of illness necessarily confined to bed and for each day that the Insured is by reason of accidental injury, of which there is external evidence, disabled from performing work of any nature, provided a certificate of ʻa duly licensed and practicing physician is furnished as required in the conditions of this policy contract. This agreement only changes Clause Six (6) of this policy contract, and ·in no other way affects its conditions or requirements.''

The corresponding clause in policy No. 244983 is substantially the same.

Some time in 1928 cataracts began to form or grow on both of Spurlock's eyes. In June, 1930, they had reached the stage where he was totally blind. On June 3, 1930, he had the cataract on his right eye removed by an eye specialist. He was confined to his bed for two weeks following the operation. Since the operation, he has been able to see to a limited extent out of his right eye, enough to go about with a stick, but can not see well enough to work. He says that he sees double, two of everything, and that the objects seem to be moving. He has to be accompanied by somebody when he goes anywhere. However, he is not confined to his bed, and, in fact, he does not contend that he is confined to his bed.

The insurance company paid him twelve weekly payments, but refused to pay more on the ground that he could see a little and was not totally blind.

The appellee, Spurlock, filed in this court a motion to dismiss the writs of error and supersedeas because the bill of exceptions was not filed within the time allowed. This motion is not well made, for the reason that the supplemental record filed by agreement shows that the judgment was not entered until July 4, 1931, and the bill of exceptions was filed within the sixty days allowed.

Defendant, at the trial, undertook to prove that plaintiff was not totally disabled, but was able to do some work. The plaintiff testified that he was not confined to his bed except for two weeks after the operation on his right eye, but that he is unable to do any work and has to be accompanied by some one when he leaves his house. In this court the defendant insists that ʻunder the terms of the policy it is not liable because the plaintiff is not confined to his bed.

From the evidence of the plaintiff ʻand also that of the defendant it

is clear that the plaintiff was not confined to his bed. The policy made this clause a condition of liability. A provision of a policy worded almost exactly like the provision of this policy above quoted was passed upon in this court in the case of Wilkes v. National Life & Accident Insurance Co., 7 Tenn. App., 36, in which it was held that there was no liability unless the assured was so confined.

In the cases of Bockman v. Mut. Health B. & A. Ass'n, 7 Tenn. App., 622, 623; Stubblefield v. Mut. Ben. H. & A. Ass'n, 11 Tenn. App., 414, 415, it was held that the insured could not recover under policies containing somewhat similar clauses unless he was confined "within doors" in a substantial sense.

The case of National Life & Accident Insurance Co. v. Bradley, 6 Tenn. Civ. App. (6 Higgins), 566, was correctly decided. We think that such provisions should have a liberal construction. The fact that one who is ill and disabled should not forfeit his right to recover on policy requiring confinement within doors or house simply because he went out a few times to consult his doctor. 6 Cooley's Briefs on Insurance (2 Ed.), 5549 to 5554. There is a difference in the terms of the policies in the cases of Bockman v. Mutual Health B. & A. Ass'n, supra, and Stubblefield v. Mutual Ben. H. & A. Ass'n, supra, and the case of National Life & Accident Insurance Co. v. Bradley, supra. In the former cases what was intended was clearly stated, as therein pointed out.

In the policy in the case at bar it is provided that weekly benefits for sickness, where "the insured has been, by reason of illness, necessarily confined to his bed and there visited professionally by a duly licensed and practicing physician," shall be paid by the company. Under this provision, three things must concur to enable the insured to recover: (1) Illness, (2) confinement to the bed, and (3) there be visited professionally by a physician. By no stretch of the imagination can it be said that plaintiff was confined to his bed. To come within the policy, he must be confined to his bed the greater part of the time every day during his illness. 6 Cooley's Briefs on Insurance (2 Ed.), 5550. We think the policy means what it said, and its terms should not be so construed as to nullify the express terms of the agreement.

Plaintiff contends the defendant defended the action in the lower court on the ground that the plaintiff was not totally blind and was not totally disabled; that it has now taken the position in this court that he cannot recover because the policy provides that he must be confined to his bed in order to recover; therefore the defendant is undertaking to change its ground of defense, which it should not be permitted to do. We think there is nothing in this contention. Plaintiff admits that he was not confined to his bed or room. This being a case that originated before a justice of the peace, we must assume

that all issues were properly joined ore tenus, and that the evidence was properly adduced. Sullivan v. Tigert, 1 Tenn. App., 265. There is nothing in the policy about total disability. It insures against illness that necessarily confined the insured to his bed.

The court's charge that the plaintiff's condition of almost total blindness confined him to his bed in a substantial sense is therefore erroneous, and the assignments must be sustained.

It follows that the second assignment on the charge that being blind and disabled were equivalent to being confined to the bed must be sustained, but the part assigning error because the plaintiff failed to file weekly reports is not well made. The plaintiff's testimony shows that, after the insurance company informed him that they would pay no more benefits, he ceased to file weekly certificates of his physician certifying to his disability. The insurance company admits that it denied liability. The furnishing of further certificates was thereby waived. Insurance Co. v. Thornton, 97 Tenn., 1, 40 S. W., 136; National Life & Accident Ins. Co. v. Bradley, 6 Tenn. Civ. App. (6 Higgins), 566; Borden Mills, Inc., v. McGaha, 161 Tenn., 376, 32 S. W. (2d), 1039.

The defendant below, at the conclusion of all the evidence, moved the court for peremptory instructions, which we think should have been given for the reasons hereinabove stated; but the defendant has not assigned this proposition as error, specifically. It filed only two assignments of errors, one, that there was no evidence to support the verdict, and the other that the court erred in charging the jury that being blind was in effect the same as being confined to the bed. We think these assignments are sufficient to raise in this court the proposition that the court erred in not directing a verdict. See Woolworth Co. v. Connors, 142 Tenn., 678, 688, 222 S. W., 1053.

It results that the assignments of errors are sustained, the judgment reversed, and the action dismissed. The cost of the cause, including the cost of the appeal, is adjudged against William Spurlock.

Faw, P. J., and DeWitt, J., concur.