NATIONAL LIFE & ACCIDENT INS. CO. v. ARMSTRONG.—105 S. W. (2d) 520.

Eastern Section. February 20, 1937.

Petition for Certiorari denied by Supreme Court, May 1, 1937.

Phillips & Hale, of Rogersville, for plaintiff in error.
Louderback & Louderback, of Rogersville, for defendant in error.

McAMIS, J. From a recovery in behalf of its insured, John William Armstrong, the National Life & Accident Insurance Company has appealed in error to this court. We shall herein refer to the parties as plaintiff and defendant.

The policy in suit, issued to plaintiff on June 16, 1913, provides for weekly benefits for sickness "to be paid for each period of seven consecutive days that insured is, by reason of illness, necessarily confined to bed and there visited professionally by a duly licenced and practicing physician." Invoking the foregoing policy provisions, the defendant insisted below, as here, that plaintiff was neither confined to his bed nor there visited by a physician during the period for which disability is claimed and hence cannot recover.

It appears without dispute from the evidence that for several years plaintiff has been afflicted with a disease known as chronic incephalitis plethergia. His physician, Dr. E. M. Henderson, testified that he had been treating plaintiff for this disease for a period of about three years. He described his condition as poorly developed and stated that he walked with a staggering, unco-ordinated gait, accompanied by many involuntary movements and that his speech was blurred and hard to understand.

The only treatment found to be beneficial, and the only one administered to plaintiff, is a drug known as hyoscine, which is administered in the form of a hypodermic three times each day. The testimony, both of the physician and members of plaintiff's family, shows without dispute that unless these treatments are given, plaintiff becomes helpless and is forced to remain in bed. Dr. Henderson testified that without these treatments, in his opinion, plaintiff would have to go to bed and remain in bed attended by a doctor and a trained nurse.

However, it also appears without dispute that for a period of from two to four hours after treatment plaintiff can walk normally and go

to town and to the doctor's office unassisted, but must return home before the effects of the treatment have worn off.

It also appears that the effect of these treatments is not only to make it possible for plaintiff to walk, but his mother, who is shown to have waited upon plaintiff and administered the treatments of hyoscine, stated that when he is under the influence of hyoscine "he has to go;" and we infer from her testimony that his condition is improved if he is permitted to walk and get out of the house. One of the physicians states that the administration of this drug gives plaintiff the desire to walk, though he is unable to do so without it.

From the foregoing evidence, it appears without dispute that the only treatment for plaintiff's condition is hyoscine. Without it he is reduced to a condition of helplessness and suffering. By means of regular and continuous applications of it, he can attain or at least assimilate normal locomotion; although, with or without treatment, he is unable to engage in any remunerative employment. We think it is also fairly to be inferred from the evidence that when this treatment is given the patient cannot comfortably remain in bed.

The question presented is whether under these peculiar facts and a proper construction of the above-quoted policy provisions plaintiff may be held entitled to recover.

The courts of this state are committed to a liberal construction in favor of the insured under policies requiring that insured be confined to bed or to the house and there attended by a physician before recovery may be had. Wilkes v. National Life & Accident Ins. Co., 7 Tenn. App., 36; E. P. Stubblefield v. Mut. Ben. H. & A. Ass'n, 11 Tenn. App., 411; National Life & Accident Ins. Co. v. Bradley, 6 Tenn. Civ. App. (6 Higgins), 566.

In the Wilkes Case, the court said:

"In nearly all of the cases we have examined on the subject it seems to be recognized that the primary purpose of the insured is to provide small weekly indemnity against illness or other disability which renders him incapable of performing work or earning anything during such physical inability. However, this is a subject for contract between the parties, and if it was the intention of the parties to the contract that the insured would receive weekly benefits from sickness or disability which rendered him incapable of performing labor, regardless of whether such disability confined him to his room or bed, then there would be no reason for writing that condition into the policy. . . . This provision, in the policy must be liberally construed in favor of the insured, it does not necessarily mean that the insured shall be actually confined to the bed in a literal sense. But it does mean that he is confined to his bed in a substantial way."

The author of the opinion, Judge Senter, quotes with approval the

following language from the case of Columbian Relief Fund Ass'n v. Gross, 25 Ind. App., 215, 57 N. E., 145:

"But we cannot agree with counsel that the acts of appellee, as shown by the finding in going out of his house under the directions and advice of skillful and competent physicians, for the purpose named, was a violation of the conditions upon which he was to receive indemnity. Conceding such acts to be a violation of the strict letter of the contract, they were not a violation of the spirit and true intent and purpose of the contract."

As supporting the conclusion that such policy provisions are to receive a liberal construction and application in favor of the insured, the opinion also quotes from Dulany v. Fidelity, etc., Co., 106 Md., 17, 66 A., 614, as follows: "And a provision for benefits when insured 'shall be necessarily confined to the house' means while he is confined to the porches as well as other parts of the house, where he is taking treatment for tuberculosis."

In the case under consideration, the court held that under a provision for benefits where insured is "necessarily confined to bed" he could not recover when he was in perfect health except for a paralysis of his lower limbs and could go wherever he chose with an attendant and there was no occasion for him to remain in bed and no benefit to be derived from so doing.

This holding is cited and relied upon by counsel for defendant in this case. However, beyond declaring the general principles of construction to which we have referred, it is of little aid in the solution of the question here presented because of the peculiar and unusual facts of this case. The same may be said of the other decisions of this court and of the Court of Civil Appeals cited supra.

In Jennings v. Brotherhood Acc. Co., 44 Colo., 68, 96 P. 982, 984, 18 L. R. A. (N. S.), 109, 130 Am. St. Rep., 109, the policy provided that "a disability, to constitute a claim for indemnity for sickness only, shall be continuous, complete and total, requiring absolute, necessary confinement to the house." It appeared that during a considerable portion of the period for which the insured claimed benefits, he was out nearly every day, by the advice of his physician, when the weather was favorable, and that he was not actually confined to his bed on account of sickness during that time. It was held that insured was, nevertheless, confined to the house within the meaning of the policy, the court saying: "It was not necessary that he be helpless, or that he remain in bed, or in the house, during such illness, when it might advance his recovery and correspondingly relieve the company from its obligations to him, if he should take some exercise and expose himself to the healing influences of sunshine and fresh air, provided he is entirely incapacitated for work or business on account of his illness."

To the same effect are the cases of Scales v. Masonic Protective Ass'n, 70 N. H., 490, 84 A., 1084, and Home Protective Ass'n v. Williams, 151 Ky., 146, 151 S. W., 361, Ann. Cas., 1915A, 260, and see notes at page 262. And see, also, Cyclopedia of Insurance Law, section 1631, Vol. 7, page 5799.

More nearly in point here upon its facts is the case of North v. National L. & A. Ins. Co. (Mo. App.), 231 S. W., 665, where the court held that insured was not precluded from recovery where the policy provided for benefits while insured is necessarily confined to bed and he could not lie in bed because of a bad heart.

As was said in the Wilkes Case, supra, the primary purpose of this form of insurance is to provide a small weekly indemnity against illness which prevents insured from earning anything at his regular employment during the period of such illness. We think this underlying purpose must be considered in construing and applying the provisions of the policy here relied upon and that it would be a strained and unnatural construction of the policy to hold that it was within the contemplation of the parties that if insured should contract a disease which totally incapacitates him from engaging in any remunerative employment but which, because of its peculiar nature, will not permit him to lie in bed, no recovery could be had upon the policy. We are of opinion, considering the purpose of the policy, that the provision that insured should be paid benefits only while necessarily confined to his bed and there visited professionally by a licensed physician was intended more as a protection against malingers than as a condition precedent to the right of recovery. It appears that the defendant so construed the policy for it paid plaintiff the benefits provided for a considerable period of time and it does not appear that there was any change in plaintiff's condition when defendant declined to continue payments, resulting in the institution of this suit.

In this case there is no suggestion that plaintiff is attempting to feign an illness or condition of disability or that his condition is not as described by members of his family and his physicians. Without the use of hyoscine, plaintiff lapses into a condition of severe pain, resembling convulsions, and we do not think, under a fair and reasonable construction of the policy, he forfeited his right to recover by accepting the treatment recommended by a competent physician though such treatment made it uncomfortable or, as his mother states, impossible for him to remain in bed.

It is also insisted that plaintiff cannot recover because he was not visited by a physician while confined to his bed and there treated professionally. It appears that, while he is under the regular care of a physician who visits him occasionally at his home, plaintiff goes to the physician's office for treatment, while under the influence of

hyoscine; and there appears to be no necessity for having the doctor call at plaintiff's home. What has already been said applies to this provision of the policy as well as to the requirement that plaintiff be necessarily confined to his bed. We find no error in the judgment below and it is affirmed with costs.

Portrum and Ailor, JJ., concur.