14

# BRANDT v. MUTUAL BEN. HEALTH & ACC. ASS'N.
## —202 S. W. (2d) 827.

Middle Section.    March 1, 1947.

Petition for Certiorari denied by Supreme Court, May 31, 1947.

Wm. S. Noble and J. B. Daniel, both of Nashville, for complainant.

David M. Keeble and Walker & Hooker, all of Nashville, for defendant.

FELTS, J. Complainant brought this suit to recover the indemnity for "confining illness" under a health and

accident policy issued to him by defendant. The cause was tried before the Chancellor and a jury. Complainant's proof consisted of his testimony and the deposition of his physician. Defendant offered no proof. The Chancellor discharged the jury and decreed complainant a recovery of $150, the maximum provided by the policy for "nonconfining illness."

Complainant appealed in error and insists that the Chancellor should have allowed him a recovery at the rate of $100 per month for "confining illness" from the date his illness began, October 14, 1944, on so long as it continues, not to exceed 24 months, as stipulated in the policy.

Both parties treat the facts as undisputed and, we understand, both agree that there was no issue for the jury and it was proper for the Chancellor to decide the case upon the undisputed facts and the applicable law, and that the only question before us is whether such facts bring the case within the provisions of part "K" or within those of part "L" of the policy.

Part "K" provides an indemnity at the rate of $100 per month, not to exceed 24 months, for disability from disease which "confines the Insured continuously within doors and requires regular visits therein by a legally qualified physician," "provided said disease causes total disability and necessitates total loss of time." Part "L" provides an indemnity at the rate of $50 per month, not to exceed three months, for disability from disease which "does not confine the Insured continuously within doors, but requires regular medical attention," "provided said disease necessitates continuous and total disability and total loss of time."

Complainant is afflicted with coronary thrombosis, a serious disease of the heart. He was stricken in the eve-

ning of October 14, 1944, was taken next morning to the clinic of Dr. O. N. Bryan, and from then on till the trial he was under continuous treatment by Dr. Bryan, who was stipulated to be an expert. For the first three or four weeks part of the treatment was absolute rest in bed except for his visits to the doctor's office. Thereafter part of the treatment was to have him take short walks for the fresh air and sunshine and to prevent deterioration of the heart muscles from continuous lying in bed.

During this period complainant was unable to do any work. In his application for the policy he had stated his occupation was a grocer. Dr. Bryan described his condition and expressed the opinion that he was totally and permanently disabled to perform the duties of that occupation or to do any work requiring physical exertion. In its brief defendant concedes he is totally disabled.

Its defense is that he was not confined continuously within doors and regularly visited therein by his physician, as required by the policy to entitle him to the indemnity he claims. At first he went to his doctor's office every three or four days and later about once a week. In good weather he took short walks on his doctor's advice. After defendant denied liability he came on the bus to town a number of times—once or twice to defendant's office, once to the Insurance Commissioner's office, several times to his lawyer's office, and once to testify in court.

So the question is whether, his total disability being conceded, his claim should be denied because, instead of staying continuously within doors and being there treated, he went out to the extent stated for his treatment and in connection with his claim.

Similar provisions requiring the insured to be ''confined continuously within doors,'' or ''confined to his room,'' or ''necessarily confined to bed'' have often been

before the courts; and while none of them construes or applies such provisions literally, their decisions are by no means harmonious.

Some courts apply such provisions quite strictly, and deny recovery where the insured visits his physician, goes out for fresh air or sunshine or exercise, or leaves his house for any purpose except for an exigency compelling his removal by reason of fire, an order of the board of health, or the like. Sheets v. Farmers' & Merchants' Mut. Life & Cas. Ass'n, 116 Kan. 356, 225 P. 929; Rocci v. Massachusetts Accident Co., 222 Mass. 336, 110 N. E. 972, Ann. Cas. 1918C, 529, second appeal, Id., 226 Mass. 545, 116 N. E. 477, and cases cited in Note 18 Ann. Cas. 1112, 1113.

But the majority of courts construe and apply such provisions liberally in favor of the insured, and hold that his right to recover is not defeated by the fact that he visits his physician for treatment, or goes out on the physician's advice for fresh air or sunshine or exercise, or goes to a hospital or to a different climate for his treatment, or goes out occasionally for other purposes, provided he is entirely incapacitated for work or business on account of his illness. Jennings v. Brotherhood Acc. Co., 44 Colo. 68, 96 P. 982, 18 L. R. A., N. S., 109, 130 Am. St. Rep. 109; Home Protective Ass'n v. Williams, 151 Ky. 146, 151 S. W. 361, Ann. Cas. 1915A, 260; Breil v. Claus Groth Plattsdutschen Vereen, 84 Neb. 155, 120 N. W. 905, 23 L. R. A., N. S., 359, 18 Ann. Cas. 1110; Stewart v. Continental Cas. Co., 141 Wash. 213, 250 P. 1084, 49 A. L. R. 960; Lewis v. Liberty Industrial L. Ins. Co., 185 La. 589, 170 So. 4, 107 A. L. R. 286; Annotations, 49 A. L. R. 965, 107 A. L. R. 289; 7 Couch Cyclopedia of Law of Insurance, Secs. 1678, 1681; 1 Appleman on Insurance, Secs. 652, 653, 654; 29 Am. Jur. Insurance, Secs. 1171, 1172.

Decisions in this State are in line with this liberal view, and this Court is committed to the rule of a liberal construction of such provisions in favor of the insured. National Life & Accident Ins. Co. v. Armstrong, 21 Tenn. App. 92, 105 S. W. (2d) 520; Interstate Life & Accident Co. v. Spurlock, 16 Tenn. App. 250, 64 S. W. (2d) 75; Wilkes v. National Life & Accident Ins. Co., 7 Tenn. App. 36; National Life & Accident Ins. Co. v. Bradley, 6 Tenn. Civ. App. 566.

In the Bradley case, supra, the insured, a laborer, became totally disabled by blindness. But, attended by his wife, he went out "at intervals for the purpose of obtaining medical aid and to attend to necessary business matters or to obtain exercise." Nonetheless he was held to have been "necessarily confined to his room and there visited by a duly licensed physician," under the liberal construction that should be given this provision.

In the Wilkes case, supra, the provision was "necessarily confined to bed"—a stricter requirement, as noted by Judge Senter, than "confined to his room." The insured was totally disabled by paralysis of his legs. He was otherwise in perfect health. He could use crutches and, with the aid of an attendant, could go wherever he chose. In these circumstances the court held he was not "necessarily confined to bed," but indicated he was substantially "confined to his house." The court approved the decision in the Bradley case, supra, and quoted approvingly from the Breil case, supra (84 Neb. 155, 120 N. W. 905, 23 L. R. A., N. S., 359, 18 Ann. Cas, 1110): " 'Within the meaning of an insurance contract for sick benefit, it cannot be said that an assured is not confined "constantly to the house" during an illness characterized by recurring periods of severity, although at intervals he may occasionally step into his yard, or make visits to his

physician or other short and unusual trips, the asured at all times being unable to resume the ordinary duties or pleasures of life.' "

In the Spurlock case, supra, 16 Tenn. App. 250, 64 S. W. (2d) 75, 77, the provision was "necessarily confined to bed" etc. The insured had cataracts on his eyes. After an operation on one of them he could see "enough to go about with a stick," but not well enough to work. It was stated that "in fact, he does not contend that he is confined to his bed." So it was held he could not recover.

The Armstrong case, supra, 21 Tenn. App. 92, 105 S. W. (2d) 520, our last one on the question, involved the stricter provision—"necessarily confined to bed" etc. The insured was afflicted with encephalitis which totally disabled him. But by the use of hyoscine, administered in form of a hypodermic three times a day, he could walk normally while the effects of this drug lasted, and could visit his doctor's office and go about town unassisted. But it was held he was substantially confined to bed and there visited by a physician, within the meaning of this provision under the liberal construction that should be given it.

Judge McAmis fortified this conclusion with numerous authorities, and pointed out that the primary purpose of this form of insurance is to provide indemnity against totally disabling illness and the purpose of the confinement provision is subordinate and more or less evidentiary. He said: "We are of opinion, considering the purpose of the policy, that the provision that insured should be paid benefits only while necessarily confined to his bed and there visited professionally by a licensed physician was intended more as a protection against malingerers than as a condition precedent to the right of recovery. . . ."

This view is well supported by the authorities. Some regard the extent of confinement merely as evidentiary and not as an ultimate fact. 6 Cooley's Briefs on Insurance, 2d Ed., 5549. Others say the purpose of such provision is to describe the character and extent of the insured's illness rather than to prescribe a limitation upon his conduct. Thompson v. Mutual Ben. Health & Accident Ass'n, 209 N. C. 678, 184 S. E. 695; Wade v. Mutual Ben. Health & Accident Ass'n, 115 W. Va. 694, 177 S. E. 611. See also, Stewart v. Continental Cas. Co., 141 Wash. 213, 250 P. 1084, 49 A. L. R. 960; Lewis v. Liberty Industrial L. Ins. Co., 185 La. 589, 170 So. 4, 107 A. L. R. 286, and cases collected in the Annotations, 18 Ann. Cas. 1111, 49 A. L. R. 965, 107 A. L. R. 289; 7 Couch Cyclopedia of Law of Insurance, Secs. 1678, 1681; 1 Appleman on Insurance, Secs. 653, 654.

Counsel refer to Bockman v. Mutual Health B. & A. Ass'n, 7 Tenn. App. 618. It is true the policy provision in that case was practically the same as the one in the case before us. But the question upon that provision was not before the court, because there had been no motion for a new trial. The court so held (page 621 of 7 Tenn. App.) but proceeded to discuss the question and to quote from the Sheets case, supra, 116 Kan. 356, 225 P. 929, perhaps the leading case for narrow construction of such provisions. But aside from the fact that such discussion was obiter dictum and not a precedent for future decisions, that case is to be distinguished upon its facts. There the insured, a lawyer, "was not totally disabled" (11 Tenn. App. 416), but spent part of his time going to the courthouse trying lawsuits.

The case of Stubblefield v. Mut. Ben. H. & A. Ass'n, 11 Tenn. App. 411, is also referred to. That case largely followed the Bockman case and the Sheets case; but it

is likewise distinguishable upon its facts. There the insured, a postmaster, was not totally disabled but spent an hour every morning at his office working on his books.

It is true that case, while recognizing the liberal rule of construction applicable to such provisions, undertook to draw a distinction where there is one rate for nonconfining illness and another for confining illness; and it was said that a "literal" construction should be applied to such provisions, or the one for nonconfining illness would be meaningless.

██ Such an expression, however, was unnecessary to a decision; and it is out of line with our earlier and later cases, contrary to the great weight of authority elsewhere, and perhaps without support anywhere. We think there is no ground for such a distinction. Both kinds of provisions can, and should, be liberally construed in favor of the insured, and the one applied which more nearly fits the facts of the particular case. Where the insured has been totally disabled and substantially confined, that provision should be applied; where he has not been so confined, the other provision should be applied.

██ It is a general principle, pervading the law of all forms of insurance, that policies shall be liberally construed in favor of the insured. This because courts do not shut their eyes to realities; they know that the policy is a contract of "adhesion," i. e., not one which the parties have reached by mutual negotiation and concession, not one which truly expresses any agreement at which they have arrived, but one which has been fixed by the insurer and to which the insured must adhere, if he chooses to have insurance. See Vance on Insurance, 2d Ed., 201.

██ For example, total disability insurance, in terms payable only where the insured is "wholly and perma-

nently unable to perform any work for any kind of compensation of financial value,'' is construed to protect him against incapacity to earn substantially in any business for which he is qualified. Prudential Ins. Co. of America v. Gang, Tenn. Sup., 197 S. W. (2d) 806, 807; Principi v. Columbian Mutual Life Ins. Co., 169 Tenn. 276, 84 S. W. (2d) 587. Likewise, provisions for different degrees of disability are liberally construed in favor of the insured, and the one applied which more nearly fits the facts of the case. Employers Liability Assur. Corp., Limited v. Farquharson, 182 Tenn. 642, 188 S. W. (2d) 965; see Note, 18 Ann. Cas. 1111, 1112. We think the same liberal rule should be applied to the two different disability provisions in the policy before us.

And such is the construction and application given them by other courts. Wade v. Mutual Ben. Health & Accident Ass'n, supra; Thompson v. Mutual Ben. Health & Accident Ass'n, supra; Mutual Benefit Health & Accident Ass'n v. McDonald, 73 Colo. 308, 215 P. 135; Stewart v. Continental Cas. Co., supra; Duke v. General Accident, Fire & Life Assur. Corp., 212 N. C. 682, 194 S. E. 91.

■ Our conclusion is that complainant is entitled to recover the indemnity for total disability from ''confining illness.'' He was totally disabled and substantially confined continuously within doors. The fact that he went out to the extent stated for purposes of his treatment and his claim did not break the continuity of his confinement.

■ But we cannot agree with complainant's contention that he is entitled to recover for the period from October 14, 1944, on so long as his illness continues The bill was filed May 22, 1945; the final decree below was entered May 5, 1946. There was, however, no supplemental bill filed to lay a basis for recovery for the period

between the filing of the original bill and the entry of the final decree. Without such supplemental pleading, complainant was entitled to recover only up to the date of the filing of the bill. Phifer v. Mutual Ben. Health & Acc. Ass'n, 24 Tenn. App. 600, 609, 610, 148 S. W. (2d) 17, 22, 23.

The Chancellor's decree is reversed and a decree will be entered here in favor of complainant against defendant for $726.66, being the indemnity at the rate of $100 per month for the period from October 14, 1944, to May 22, 1945, together with all the costs of the cause.

Howell and Hickerson, JJ., concur.